# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TRAVELERS CASUALTY AND | : | CIVIL ACTION |
| SURETY COMPANY OF | : | |
| AMERICA | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | NO. 09-cv-2273 |
| | : | |
| ANNA B. MORRIS, et al. | : | |
|     Defendants | : | |

## MEMORANDUM

**Stengel, J.**　　　　　　　　　　　　　　　　　　　　　　　**March 29, 2010**

On May 21, 2009, Travelers Casualty and Surety Company of America filed a complaint against Anna B. Morris, Kathy Morris, Mark A. Mellinger, James Holdaway, and Harold Long. On July 6, 2009, Travelers filed an amended complaint raising a common law conversion claim, a conversion claim pursuant to 13 Pa. Cons. Stat. Ann. § 3301, a fraud claim, an unjust enrichment claim, a conspiracy claim, an aiding and abetting a fraudulent act claim, and, against only Anna B. Morris, an indemnification claim. Harold Long filed this motion to dismiss the amended complaint.[1] I will deny the motion.

---

[1] Default has been entered as to Ms. Kathy Morris, Mr. Mellinger, and Mr. Holdaway. Docket, Travelers Casualty and Surety Co. of Am. v. Morris, No. 09-2273 (E.D. Pa. entered Aug. 25, 2009). Ms. Anna B. Morris entered a suggestion of bankruptcy. See Notice of Bankruptcy Stay, Travelers Casualty and Surety Co. of Am. v. Morris, No. 09-2273 (E.D. Pa. filed Aug. 24, 2009).

1

**I.     BACKGROUND**[2]

Anna B. Morris was secretary/treasurer of Drumore Township, located in Lancaster County. She submitted an application to Travelers for a public bond. Travelers issued public bond no. 004-S-103215397 to Drumore Township. Travelers alleges between 2001 and 2006 defendants engaged in a course of conduct to misappropriate funds and other assets from Drumore Township. This conduct included: forging signatures on checks and other legal instruments; manipulating and/or altering documents; adding spouses and/or non-Township employees on insurance policies; adjusting defendants' net pay; issuing checks where no goods or services were provided; issuing checks to defendants beyond that which was authorized; failing to properly challenge unemployment compensation claims; authorizing goods or services not properly approved; writing checks without support; failing to properly document disbursement of checks and proceeds; failing to properly issue appropriate tax documents; utilizing inappropriate or incorrect payment accounts; purchasing office supplies for defendants' own personal use, gain and benefit; purchasing bottled water for defendants' own personal use, gain and benefit; paying multiple vendors for the same services; and paying vendors where no services were rendered.

Travelers alleges defendants used Drumore Township's money to purchase

---

[2] The following facts are derived from Traveler's amended complaint. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (on a motion to dismiss, a court must accept the complaint's factual allegations as true).

2

clothes, invest in their personal retirement accounts, purchase gifts, pay personal credit card payments, add non-employees and/or otherwise ineligible individuals to Traveler's insurance policies, adjust their own pay, and receive payment without providing goods or services. When Drumore Township discovered the misappropriations, it made a claim on its bond. Travelers paid the Township $254.935.22 and took assignment of all claims arising out of the defendants' conduct.

Mr. Long filed this motion to dismiss arguing the applicable statutes of limitations bar the claims, the common law conversion claim is subsumed by the statutory conversion claim, and Travelers failed to plead its fraud claim and its aiding and abetting a fraudulent act claim with sufficient particularity as required by Federal Rule of Civil Procedure 9(b).

## II. STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. The "complaint must allege facts suggestive of [the proscribed] conduct." Twombly, 550 U.S. at 564. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

## III. DISCUSSION

### A. Statute of Limitations

Mr. Long alleges the applicable statutes of limitations bar Travelers' claims because Drumore Township had "notice of all potential claims in 1999 through 2001."[3]

---

[3] The statutes of limitations that likely apply to Traveler's causes of action are: a two-year statute of limitations for the conversion claim, see 42 Pa. Cons. Stat. Ann. § 5524 (3); a three-year statute of limitations for the Pennsylvania Uniform Commercial Code claim, 13 Pa. Cons. Stat. Ann. § 3307; a two-year statute of limitations for the fraud and aiding and abetting fraud claims, see 42 Pa. Cons. Stat. Ann. § 5524(7); and a four-year statute of limitations for the unjust enrichment claim, see 42 Pa. Cons. Stat. Ann. § 5525(4).

Travelers maintains the motion to dismiss should be denied because the accrual date of the causes of action cannot be determined from the amended complaint. In addition, it argues Mr. Long is estopped from raising a statute of limitations defense because of concealment.[4]

In support of his statute of limitations argument, Mr. Long attached two documents to his motion to dismiss: (1) a newspaper article discussing Mr. Long's involvement in Drumore Township contracts that improperly were awarded to companies in which he had an interest and (2) a pre-sentence report prepared prior to Mr. Long's 2006 sentencing following a conviction for honest services mail fraud. When deciding a motion to dismiss, "[t]he [c]ourt may consider the allegations contained in the complaint, exhibits attached to it, matters of public record and records of which the [c]ourt may take judicial notice." Byrne v. Cleveland Clinic, 2010 WL 481007, at *4 (E.D. Pa. Feb. 5, 2010) (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)). "Where information beyond the pleadings is cited, the [c]ourt has the discretion to decide whether to exclude such information and examine whether the plaintiff states legitimate claims based solely on the complaint, or to convert the motion to dismiss to a motion for summary judgment and examine appropriate extrinsic materials submitted by the parties."

---

[4] "[The] doctrine of fraudulent concealment is 'based on a theory of estoppel, and provides that the defendant may not invoke the statute of limitations, if through fraud or concealment, he causes the plaintiff to relax his vigilance or deviate from his right of inquiry into the facts.'" Hoppe v. SmithKline Beecham Corp., 437 F. Supp. 2d 331, 336 n.4 (E.D. Pa. 2006) (quoting Fine v. Checcio, 870 A.2d 850, 860 (Pa. 2005)).

5

Id., at *2 n.7 (citing Tripodi v. Coastal Automation LLC, 2007 WL 2844908 (E.D. Pa. Sept. 26, 2007)) (emphasis deleted). I will not consider the outside documents, and will determine whether the statutes of limitations apply based solely on the allegations contained in the complaint.

It is unclear from the complaint when the causes of action accrued and the statutes of limitations began to run. The complaint states Ms. Morris submitted an application for a public bond on November 20, 1999, see Amended Complaint at ¶ 9, and the alleged wrongful conduct occurred between 2001 and 2006. Id. at ¶11. It also states, however, that "[a]s a result of [d]efendants' conduct, Drumore Township did not reasonably discover the misappropriations and it was not until on or about September 8, 2008 that Travelers paid Drumore Township $254,935.22 and took an assignment of any and all claims arising out of the [d]efendants' conduct." Id. at ¶15.

A decision regarding whether the statutes of limitations bar Traveler's claims is not appropriate at this stage of the litigation. There is not sufficient information to determine when the claims accrued or whether the defendants concealed the alleged conduct from Drumore Township. Assembly Tech. Inc. v. Samsung Techwin Co., Ltd., 2009 WL 4430020, at *3 (E.D. Pa. Nov. 16, 2009) (finding the court was "unable to conclude that plaintiff's complaint is barred by the statute of limitations" because it could not determine when the plaintiff became aware of the injury and its cause).

B. **Conversion**

Mr. Long argues the common law conversion claim must be dismissed because Travelers also alleges a statutory conversion claim. See Motion to Dismiss at 10.

To the extent the common law conversion claim is based on negotiable instruments, the claim has been "displaced and subsumed" by the Pennsylvania Commercial Code. See Bucci v. Wachovia Bank, N.A., 591 F. Supp. 2d 773, 780 (E.D. Pa. 2008) (finding "an action based on the deprivation of property, where that property is an instrument, is subsumed and displaced by section 3420 [of the Pennsylvania Commercial Code]").

Travelers, however, also alleges conversion of property other than negotiable instruments, including, among other items, office supplies and water bottles. The Pennsylvania Commercial Code did not subsume conversion claims where the item converted was not a negotiable instrument. See 13 Pa. Cons. Stat. Ann. § 3420(a) (stating "[t]he law applicable to conversion of personal property applies to instruments"); Carter v. Morrison, 2010 WL 701799, at *19 (E.D. Pa. Feb. 24, 2010) (stating that the elements of a conversion claim under Pennsylvania law, are: "(1) deprivation of another's right of property in, or use or possession of, (2) a chattel, (3) without the owner's consent, and (4) without lawful justification" (quoting Sims v. Viacom, Inc., 2009 WL 3856667, at *4 (E.D. Pa. Nov. 17, 2009)). Therefore, to the extent the common law conversion claim is based on property other than negotiable instruments, the claim survives this motion to

dismiss.

### C. Fraud

Mr. Long alleges Traveler's fraud claim and aiding and abetting a fraudulent act claim should be dismiss for failure to meet Rule 9(b)'s heightened pleading requirements. Federal Rule of Civil Procedure 9(b) provides: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's state of mind may be alleged generally."

"[F]ocusing exclusively on [Rule 9[b]'s] 'particularity' language 'is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules.'" Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984) (quoting Christdis v. First Pa. Mortgage Trust, 717 F.2d 96, 100 (3d Cir. 1983)). Rule 9(b) requires the plaintiff plead "the circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." Lum v. Bank of Am., 361 F.3d 217, 223-24 (3d Cir. 2004) (quoting Seville Indus. Mach. Corp., 742 F.2d at 791). "[A]llegations of 'date, place or time' fulfill these functions," but plaintiffs may also "use alternate means of injecting precision and some measure of substantiation into their allegations of fraud." Seville Indus. Mach. Corp.,

742 F.2d at 791. In addition, where plaintiffs allege a fraud scheme, courts have "recognized the impracticality of requiring the plaintiff to plead the facts of each individual claim, particularly where the claims are numerous and extend over the course of several years." United States ex rel. Singh v. Bradford Reg'l Med. Ctr., 2006 WL 2642518, at *4 (E.D. Pa. Sept. 13, 2006) (quoting United States ex rel. Landsberg v. Argentis Med., P.C., 2006 WL 1788381, at *4 (E.D. Pa. June 27, 2006)).

Travelers alleges the defendants' misrepresentations included: forging signatures on checks and other legal instruments; manipulating and/or altering documents; adding spouses and/or non-Township employees on insurance policies; adjusting defendants' net pay; issuing checks where no goods or services were provided; issuing checks to defendants beyond that which was authorized; failing to properly challenge unemployment compensation claims; authorizing goods or services not properly approved; writing checks without support; failing to properly document disbursement of checks and proceeds; failing to properly issue appropriate tax document; utilizing inappropriate or incorrect payment accounts; purchasing office supplies for defendants' own personal use, gain and benefit; purchasing bottled water for defendants' own personal use, gain and benefit; paying multiple vendors for the same services; and paying vendors where no services were rendered. Amended Complaint at ¶ 30. Travelers maintains "the defendants knew or should have known that their representations were false and fraudulent and that Drumore [Township] would justifiably rely upon said

statements." Id. at ¶ 31.  Travelers alleges Drumore Township justifiably did rely on the misrepresentations and fraudulent acts to its detriment.  Id. at ¶ 32.  As a result of the fraudulent representations and acts, Travelers issued a $254,935.22 payment to Drumore Township under bond no. 004-S-103215397.

The complaint sufficiently pleads a fraud claim and an aiding and abetting a fraudulent act claim because it enumerates the different activities in which the defendants allegedly engaged and it specifies a time period, 2001 through 2006.  Because the complaint enumerated the activities and the time, it placed the defendants on notice of the misconduct of which they are charged.

An appropriate order follows.